# Brown v. Boardman, Secretary of Revenue, et al.

*Alton W. Lick*, for plaintiff.

*John Y. Scott*, Deputy Attorney General, *Edward Friedman*, Deputy Attorney General, *William H. Wood*, Assistant Deputy Attorney General, and *Charles J. Margiotti*, Attorney General, for defendants.

RICHARDS, P. J., specially presiding, September 7, 1938.—William B. Brown, the above plaintiff, is engaged in the business of selling liquid fuels at Amity Hall and Dauphin, Pa. Subsequent to the effective date of the Act of June 2, 1937, P. L. 1193, the Secretary of Revenue informed plaintiff that section 3(*a*) prohibited the posting of a schedule of prices which would allow a discount on purchases of graduated quantities of gasoline. Plaintiff was informed, however, that preëxisting contracts allowing such discounts might be fulfilled. Later, he was charged with giving discounts to others and the pump permits granted to the Dauphin establishment were revoked, and the permits issued for the Amity Hall station were suspended. Plaintiff then filed his bill of complaint, which, as amended, alleges that sections 2, 3, 4, 6, 7, 12, and 13 of said act are unconstitutional for the following reasons:

1. As being in violation of article I, sec. 1, of the Constitution of Pennsylvania.

2. As being in violation of article I, sec. 9, of the Constitution of Pennsylvania.

3. As being in violation of article I, sec. 26, of the Constitution of Pennsylvania.

4. As being in violation of article III, sec. 3, of the Constitution of Pennsylvania.

5. As being in violation of article III, sec. 7, of the Constitution of Pennsylvania.

6. As being in violation of the fourteenth amendment to the Constitution of the United States, approved July 28, 1868, 15 Stat. at L. 708.

The bill further alleges that even though said sections of the act be constitutional, the suspension or revocation of pump permits on the evidence produced before the Secretary of Revenue is unconstitutional and void, in violation of section 1 of article I, and section 9 of article IX, of the Constitution of Pennsylvania, and in violation of the fourteenth amendment to the Constitution of the United States, supra. This evidence showed that plaintiff had issued instructions not to sell at a discount to any persons other than those who had preëxisting contracts; that plaintiff had not personally made such sales, but that his employes had.

The answer filed denies all of these legal contentions and avers that the act is a valid exercise of the police and taxing powers of the State. . . .

### Discussion

We feel that there is very little difference between this case and the case of The Sperry & Hutchinson Company et al. v. Boardman et al., 33 D. & C. 571, decided by an opinion handed down contemporaneously herewith. In the present instance, plaintiffs are doing directly what was being done indirectly by dealers using stamps. The principles of law applicable to stamps are likewise applicable to discounts. While the present case raises some constitutional questions not raised in the Sperry & Hutchinson case, we feel that nothing has been raised which would render the act unconstitutional if it is not unconstitutional for the reasons given in our opinion in that

case. We will not therefore engage in any extended discussion of these additional matters.

It may be noted that this act prohibits the posting of different prices to different classes of purchasers. While a business affected with a public interest such as a public utility may classify its patrons or service and allow a lower comparative price for quantity consumption than for less consumption, this act makes such a practice illegal in the gasoline business. In other words, classification of consumers is by this act made illegal while it is perfectly legal in certain other businesses.

We feel that everything which we have decided in the Sperry & Hutchinson case is equally applicable in the instant case. We will therefore not prolong this opinion by any needless discussion.